Filed Oct. 15, 1889.

---

No. 14,464.

## BROWN, GUARDIAN, *v.* MARSHALL ET AL.

DECEDENTS' ESTATES.—*Claim Against.*—*Action by Guardian to Set Aside Allowance.*—*Parol Partition of Land.*—*Evidence of.*—Where, in an action by a guardian to set aside a claim against the estate, evidence is introduced by the defendants relating to a parol partition of land by the deceased and others, which land is afterwards sold by the claimant to the deceased, the purchase-price constituting the claim, it is admissible.

EVIDENCE.—*Admissions of Witness in Chief.*—*Rebuttal.*—A plaintiff who has used a defendant as a witness in chief, can not afterwards introduce his admissions in rebuttal, and there is no abuse of judicial discretion in their rejection.

From the Grant Circuit Court.

*A. E. Steele* and *J. A. Kersey*, for appellant.

*J. L. Custer*, for appellees.

OLDS, J.—This is an action brought by the appellant, Thaddeus Brown, as guardian of Joshua A. Ladd, minor heir of Charles S. Ladd, deceased, against Charity Marshall,

Eli B. Marshall, and the other appellees, to set aside the final report of said Eli B. Marshall as administrator of the estate of said Charles S. Ladd, deceased, and the allowance of a claim against said estate; also, to set aside the partition of real estate formerly owned by Samuel Ladd, the grandfather of said minor.

Issue was joined on the complaint, and a trial had resulting in a finding and judgment for the appellees.

The appellant filed a motion for a new trial, which was overruled, and exceptions taken. The overruling of the motion for a new trial is assigned as error.

The first question presented by the motion for a new trial, and contended for by counsel for the appellant, is that the finding of the court is not supported by sufficient evidence.

The rule is so well settled that this court will not reverse a case on the weight of the evidence that we need not cite authority to support it. We have examined the record, and find there is evidence sufficient to support the finding.

The next question is, the appellant contends that the court erred in overruling appellant's motion to strike out the testimony of certain witnesses in relation to a parol partition of certain real estate between the widow and heirs of Samuel Ladd, deceased, which they inherited from said Samuel, the said Charles S. Ladd, deceased, being one of the heirs.

It is alleged in the complaint, and contended by the appellant, that appellee Eli B. Marshall, as administrator of the estate of Charles S. Ladd, and Joshua Marshall, while said Joshua was the duly appointed and acting guardian of the plaintiff's ward, colluded together and procured the allowance of a pretended mortgage debt to said Joshua, amounting to something over two thousand dollars. And, upon behalf of the defendants, it is claimed that said claim was just, due, and owing to the said Joshua, and was properly allowed by the court; that Samuel Ladd died owning two hundred acres of land in Grant county, leaving surviving him, as his only heirs at law, his widow, Charity Marshall, and four chil-

dren, viz., Cicero, Isabella, Ruth C., and said Charles S.; that, after his death, the children became the owners of forty acres more land; that Cicero diéd in 1873, and after his death the widow and other children made a parol partition of all of said land, a portion being set apart to each, a portion being set off to said Charles S., with the agreement that he should support his mother, and that they each took possession of their respective tracts; that afterwards Ruth and her husband, William R. Marshall, one of the appellees, sold the portion they were to have by the partition to Joshua Marshall, and Joshua Marshall sold a portion of the land so purchased by him to said Charles S. Ladd for the sum of $1,650, and by the direction of Joshua, Ruth and her husband conveyed that part of the land set apart to her, and purchased by Charles S. of Joshua Marshall, direct to Charles S., instead of conveying the same to Joshua, and Charles S. executed a mortgage on the same to said Joshua Marshall for $1,650, the purchase-price, and that said mortgage was unpaid at the time of the death of Charles S., and was the mortgage debt which Joshua Marshall filed against the estate of said Charles S. after the said Eli B. Marshall was appointed administrator of his estate, and was allowed by the court, at the time it was allowed amounting to over $2,000, and the court permitted testimony to be introduced relating to the parol partition of the land. In this there was no error.

The only other alleged error assigned and discussed was the refusal of the court to allow a witness to testify to a statement of Charity Marshall, in which she said that " there was never any division of the Samuel Ladd land except the one in which she got twenty-eight acres set off to her on the south side; that she was sure of it; if there had been she would certainly recollect it."

Appellant had used said Charity as a witness in chief, and then appellant offered to make this proof after. Under the rules of practice, and the regular order of conducting trials, the evidence had closed, and it was after appellant had put one of

the witnesses, by whom he proposed to make this proof, on the witness-stand in rebuttal, and he had testified that said Charity had "said no such partition had been made," and said Charity had been called as a witness and explained the statement. At this stage of the case the admission of such evidence was within the discretion of the court, and there was no abuse of discretion in rejecting it.

Counsel have gone into minute details of the history of the case and made an extended argument in the cause. They discuss the irregularity and validity of the mortgage debt in favor of Joshua Marshall, allowed by Eli B. Marshall, as administrator of Charles S. Ladd, and the various transfers of the land, but if the debt was a valid and just one, and the sales and transfers of the land were made in good faith and for the best interest of the ward, the allowance of the claims and transfers will not be set aside for mere irregularities in the allowance of the claim, or by reason of the relations of the parties. Evidence was introduced tending to prove the legality and justness of the mortgage claim allowed, and the good faith characterizing the transaction, and the court trying the cause has passed upon the evidence and found for the appellees, and this court will not disturb the finding. We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 15, 1889.